AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of South Carolina

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

**cellular phone with phone number 864-524-1575
(Target Device)**

Case No. 7:24cr640

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**See Attachment A**

located in the _____ District of ___South Carolina___, there is now concealed *(identify the person or describe the property to be seized)*:
**See Attachment B**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 875(c) | transmitting interstate threats |

The application is based on these facts:

**See attached affidavit**

☑ Continued on the attached sheet.

☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Jackson Dunn, FBI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 8/1/24

*Judge's signature*

City and state: Greenville, SC

Kevin F. McDonald, US Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

I, Jackson Dunn, Special Agent with the Federal Bureau of Investigation ("FBI"), being duly sworn, hereby state as follows:

### INTRODUCTION

1. This affidavit is in support of an application by the United States of America for a search warrant for the following electronic device:

> Cellular Phone with phone number (864) 524-1575, belonging to and used by Steven Lloyd Joiner ("JOINER")
>
> (the "**Target Device**")

as further described in Attachment A, and to seize evidence of crimes, specifically violations of Title 18, United States Code, Section 875(c) (transmitting interstate threats), as further described in Attachment B. The requested warrant relates to the investigation and prosecution of JOINER, who made threatening calls to victims between October 2023 to December 2023. The **Target Device** is currently at the residence of JOINER at 195 East Victoria Road, Apartment C, Spartanburg, South Carolina 29301.

2. The information contained in this affidavit is based upon my training, experience, investigation, and consultation with other members of law enforcement. Because this affidavit is made for the limited purpose of obtaining a search warrant for the **Target Device**, it does not contain all the information known by me or other agents regarding this investigation. All dates and times described are approximate.

### EXPERIENCE AND TRAINING

3. I am a Special Agent with the FBI, having graduated from the FBI law enforcement academy in October 2021, and I have been assigned as a Special Agent investigating enterprise and violent crime since that date. As part of my law enforcement duties, I am charged with investigating federal criminal violations, including violent crimes, drug offenses, and financial fraud. Previously, I was a Certified Law Enforcement Officer with the Commonwealth of Virginia and served as such since June 2016.

4. I have conducted investigations concerning the identification of co-conspirators using telephone records and bills, financial records, ledgers, photographs, and other documents. I have also participated in the debriefings of many of those individuals arrested who later cooperated with the government. I have received training in interviewing and interrogation techniques, arrest procedures, surveillance, the execution of searches and seizures, and various criminal laws and procedures. I am authorized to investigate violations of federal law, and I am a law enforcement officer with the authority to execute warrants issued under the authority of the United States.

5. Based upon my training, experience, and consultations with law enforcement officers, and all the facts and opinions set forth in this affidavit, I am aware that cellular telephones (including their SIM cards) can and often do contain electronic evidence, including, for example, phone logs and contacts, voice and text communications, and data, such as emails, text messages, chats, and chat logs from various third-party applications, photographs, audio files, videos, and location data. This information can be stored within disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular telephone. Specifically, searches of cellular telephones belonging to individuals who use their cellular telephones to convey threats to others may yield evidence:

    a. tending to indicate efforts to convey threats to others;

    b. tending to identify accounts, facilities, storage devices, and/or services (such as email addresses, IP addresses, and phone numbers) used to convey threats to others;

    c. depicting the contents of internet searches and communications planning the conveyance of threats to others;

    d. tending to identify co-conspirators, criminal associates, or others involved in conveying threats to others;

    e. tending to identify the user of, or persons with control over or access to, the **Target Device**; and/or

f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above.

## FACTS SUPPORTING PROBABLE CAUSE

*The Victims Received Threatening Phone Calls Between October and December 2023.*

6. In December 2023, the FBI received a complaint from Victim 1 ("V-1"), an officer of the Calexico Police Department, that, starting in October 2023, he and his wife, Victim 2 ("V-2"), had been receiving what they perceived to be threatening messages from the same unidentified male caller ("UMC"), who was using a blocked telephone number. For example:

   a. On October 22, 2023, V-2 received a voicemail where UMC stated "Yes [V-2] we're trying to reach [V-1] . . . any chance I'll call you or I can come visit you, [V-1] is a very bad guy, he did something 20 years ago."

   b. On November 4, 2023, V-2 received a telephone call where UMC stated "[V-1] will be dead before the end of the year."

   c. On December 13, 2023, V-2 received a telephone call where UMC stated "tonight [V-1] dies."

   d. On December 17, 2023, V-1 and V-2 both received separate telephone calls where UMC stated he was going to "blow off [another officer's] head." V-1 and V-2 know the officer referenced in the call.

*Telephone Toll Records Reveal (864) 524-1575 as the Source of the Threats.*

7. A review of the telephone toll records of both V-1 and V-2, obtained through grand jury subpoenas, revealed that the telephone number (864) 524-1575 had called V-2's telephone number on the same dates as the threatening calls: October 22, November 4, December 13, and December 17, 2023. The telephone number (864) 524-1575 had also called V-1's telephone number on December 17, 2023, the same date that V-1 received

3

the threatening phone call regarding another officer. On each of these occasions, *67 was utilized to block caller identification.

***The FBI Linked JOINER to (864) 524-1575.***

8. A review of the telephone toll records for (864) 524-1575, obtained through a grand jury subpoena, revealed that (864) 524-1575 was in frequent communication with another telephone number: (760) 707-8499. Subscriber information for (760) 707-8499, obtained through a grand jury subpoena, revealed that the number was subscribed to an individual named Denise Williams at 1134 Gale Street, Escondido, California. A search of the telephone number (760) 707-8499 in FBI databases revealed that telephone number 8499 was contained in a 2020 FBI complaint for interstate threatening communications, in which JOINER was alleged to have made threats via Facebook Messenger.

9. A review of public records databases indicated that JOINER had current addresses of 1134 Gale Street, Escondido, California (the same address as Denise Williams), as well as 195 East Victoria Road, Apartment C, Spartanburg, South Carolina.

***JOINER Confirmed That He Uses (864) 524-1575.***

10. On January 24, 2024, the Spartanburg Police Department ("SPD") conducted a welfare check on 195 East Victoria Road, Apartment C, Spartanburg, South Carolina.

11. At 6:19 p.m., the SPD Officer knocked on the door, which was opened by an individual who later identified herself as Denise Williams. The SPD Officer informed Williams that he was doing a welfare check and asked if he could check on the other occupants. Williams said "yeah" and walked inside to JOINER, saying "honey, the police are here for some kind of call." The SPD Officer explained to JOINER that he was "just here on a welfare check." At the end of the encounter, around 6:26 p.m., the SPD Officer asked if he could have JOINER's phone number. JOINER stated that his phone number was (864) 524-1575, and his name was "Steven Joiner."

4

*Historical Cell Site Data Confirmed the Location of Cellular Phone with (864) 524-1575.*

12. On March 20, 2024, the Honorable David D. Leshner, United States Magistrate Judge for the Southern District of California, signed a search warrant (24mj0944) for historical cell site data for (864) 524-1575. The data indicated that between October 1, 2023 to January 1, 2024 (the period in which JOINER made the threatening calls to V-1 and V-2), the cellular telephone was located in the South Carolina area, and made calls from Spartanburg, South Carolina.

*Toll Records Confirm (864) 524-1575 is Subscribed to JOINER.*

13. In July 2024, toll records obtained by grand jury subpoena confirmed that (864) 524-1575 was subscribed to JOINER.

## METHODOLOGY

14. It is not possible to determine, merely by knowing the cellular telephone's make, model, and serial number, the nature and types of services to which the device is subscribed or the nature of the data stored on the device. Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services, and rudimentary word processing. An increasing number of cellular service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network. Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such

5

acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

15. Following the issuance of this warrant, I will collect the **Target Device** and subject it to analysis. All forensic analysis of the data contained within the telephone and its memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

16. Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days of the date the warrant is signed, absent further application to this court.

## PRIOR ATTEMPTS TO OBTAIN THIS EVIDENCE

17. The United States is unaware at this time of other attempts by the U.S. government to obtain this data by other means.

## CONCLUSION

18. Based on the facts and information set forth above, I submit there is probable cause to believe that a search of the **Target Device** will yield evidence of the JOINER's violations of Title 18, United States Code, Section 875(c) (transmitting interstate threats). Accordingly, I request that the Court issue a warrant authorizing law enforcement to search the item described in Attachment A, and seize the items listed in Attachment B, using the above-described methodology.

//
//
//
//
//
//

6

I swear the foregoing is true and correct to the best of my knowledge and belief.

_____
Jackson Dunn
Special Agent
Federal Bureau of Investigation

The affidavit was sworn and attested to under oath in person and in my presence on August __1__, 2024.

_____
THE HONORABLE KEVIN F. MCDONALD
UNITED STATES MAGISTRATE JUDGE

# **ATTACHMENT A**

## PROPERTY TO BE SEARCHED

The following property is to be searched:

>Cellular Phone with phone number (864) 524-1575, belonging to and used by Steven Lloyd Joiner ("JOINER") (the **"Target Device"**).

The Target Device is currently located at the residence of JOINER at 195 East Victoria Road, Apartment C, Spartanburg, South Carolina 29301.

# ATTACHMENT B
## ITEMS TO BE SEIZED

Authorization to search the cellular telephone described in Attachment A, to include the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular telephone for evidence described below. The seizure and search of the cellular telephone shall follow the search methodology described in the affidavit submitted in support of the warrant.

The evidence to be seized from the cellular telephone will be electronic records, communications, and data (such as emails, text messages, chats and chat logs) from various third-party applications, photographs, audio files, videos, and location data, for the period of **September 1, 2023** (approximately one month before the victims began receiving calls from JOINER) up to and including **February 1, 2024** (approximately one month after the last call the victims received from JOINER)—

    a. tending to indicate efforts to convey threats to others;

    b. tending to identify accounts, facilities, storage devices, and/or services (such as email addresses, IP addresses, and phone numbers) used to convey threats to others;

    c. depicting the contents of internet searches and communications planning the conveyance of threats to others;

    d. tending to identify co-conspirators, criminal associates, or others involved in conveying threats to others;

    e. tending to identify the user of, or persons with control over or access to, the Target Device; and/or

    f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of, communications, records, or data involved in the activities described above—

which are evidence of violations of Title 18, United States Code, Section 875(c) (transmitting interstate threats).